**Gurpreet SINGH, a.k.a. Harneet Singh, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72539.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Tsz–Hai Huang, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Oil, Brianne Whelan Cohen, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Gurpreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

██ Substantial evidence supports the BIA's determination that Singh did not establish past persecution because he was not arrested, detained, or mistreated in India. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Substantial evidence also supports the BIA's conclusion that Singh failed to establish a well-founded fear of persecution because his fear of being targeted was speculative, *see Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003), and Singh failed to show that his father's negative experience was part of a pattern of persecution closely tied to him, *see Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Accordingly Singh's asylum claim fails.

Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1045 (9th Cir.2004).

██ Substantial evidence also supports the BIA's denial of Singh's CAT claim because Singh failed to establish it was more likely than not he would be tortured

if returned to India. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).